IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STEPHANIE ERICKSON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ING LIFE INSURANCE & ANNUITY, )<br>COMPANY, )<br>)<br>Defendant. )<br>_____ ) | Case No. CV09-204-S-EJL<br><br>**MEMORANDUM DECISION**<br>**AND ORDER** |

Currently pending is Defendant's Motion to Exclude Martha Tejera as Expert Witness for Plaintiffs (Dkt. 65). Having reviewed the briefing, the Court finds that oral argument is not necessary to assist the Court in deciding the matter and therefore issues the following Memorandum Decision and Order based on the written materials and the record. For the reasons set forth below, Defendant's motion is denied.

## BACKGROUND

The background of this litigation has been explained in detail in at least two prior decisions. (*See* Dkts. 53, 58, 89). In summary, Plaintiffs in this action are the Trustees and named fiduciaries of Building Materials Holding Corporation's (BMHC) BMCC Employees Savings & Retirement Plan ("the Plan"), and BHMC itself, as the Plan Sponsor and a Plan fiduciary. Defendant is ING Life Insurance & Annuity Company ("ILIAC"),

**ORDER - 1**

who formerly held invested Plan funds and performed related administrative services.

In early 2008, the Plan terminated its administrative services contract with ILIAC and replaced ILIAC with Prudential Retirement ("Prudential"). In connection with the termination, ILIAC was to transfer the Plan funds to Prudential in accordance with the Plan Trustee's wire instructions. One of the Plan's funds, in an amount over $100 million, was not received by Prudential before 4:00 p.m. on the date of transfer. Accordingly, Prudential was unable to reinvest the funds into the market on that day which resulted in a $375,790.16 loss to the Plan. The central issue in this lawsuit is whether ILIAC is responsible for the loss.

During 2007, the Plan trustees hired Martha Tejeras to oversee the process of considering whether ILIAC should continue as the record keeper/custodian for the Plan, or be replaced. Ms. Tejeras assisted in both the selection and transfer of the Plan funds to Prudential. Plaintiffs have disclosed her as an expert witness under Fed. R. Civ. P. 26(a)(2) based on her technical and specialized knowledge. (*Affid. William Hitler* (Dkt. 65-2), Exh. B, Plaintiffs' Expert Disclosure, at 2). Plaintiffs' Disclosure Statement provides:

> Plaintiffs anticipate that [Ms. Tejeras] will testify regarding industry custom and practice concerning transfers such as the transfer at issue in this case, including the industry custom and practice of completing such transfers prior to 4:00 p.m. eastern time. In addition, Ms. Tejera is expected to testify regarding her calculation of plaintiffs' damages, which has been previously produced.

(*Id.*) It further provides that Ms. Tejera was not retained or specially employed to provide

**ORDER - 2**

an expert opinion, and not an employee of any party who's duties involve giving expert testimony.  Accordingly, no written report is required or would be provided, *citing Rent Information Technology, Inc., v. Home Depot USA, Inc.*, 2008 WL 538916, at 3 (9th Cir. 2008). (*See id.*)

Defendant moves to exclude Ms. Tejeras as an expert witness on the basis that she has no specialized knowledge or experience in mechanical aspects of wire transferring funds, admitted she was unfamiliar with the terms of the services contract that governed the payment of funds and has not provided any "legitimate methodology" to support her opinion.[1]

## ANALYSIS

Whether Martha Tejeras may testify at trial is addressed under the well-known standard first enunciated in *Daubert* and its progeny, but now set forth in Rule 702 of the Federal Rules of Evidence.  Rule 702 establishes several requirements for permitting expert opinion.  First, the evidence offered by the expert must assist the trier of fact either to understand the evidence or to determine a fact in issue. *Primiano v. Cook*, 598 F.3d 558, 563 - 64 (9th Cir. 2010); Fed. R. Evid. 702. "The requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Id*. at *4 (Internal quotations and citation omitted).

Additionally, the witness must be sufficiently qualified to render the opinion. *Id*. at

---

[1] Defendant does not appear to take any issue with Ms. Tejeras's testimony regarding her calculation of Plaintiff's damages.

**ORDER - 3**

\*3. If specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified by knowledge, skill, experience, training or education may offer expert testimony where: (1) the opinion is based upon sufficient facts or data, (2) the opinion is the product of reliable principles and methods; and (3) the witness has applied those principles and methods reliably to the facts of the case. Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592-93 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999).

The inquiry is a flexible one. *Primiano*, 598 F.3d at 564. Ultimately, a trial court must "assure that the expert testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. (Internal quotation and citation omitted). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Id.*

Ms. Tejeras has worked in the field of retirement plans since 1981. *(See Decl. of Martha Tejera*, ("Tejera Decl.") (Dkt. 68-3), ¶ 11). In that last 10 years, her work has included a substantial amount of time helping plan sponsors evaluate and select recordkeepers and custodians. *(Id.* at ¶¶ 2, 3, 5, 11). During this time period she has assisted with the transition from one recordkeeper to another on approximately 30 occasions. *(Id.* at ¶ 12).

**ORDER - 4**

The Court finds the Ms. Tejeras has the minimal qualifications necessary to offer expert testimony on the subject of the industry standard or custom with respect to the timing of wire transfers in the context of transitioning from one record keeper/custodian to another. The Court disagrees that an absence of knowledge on the mechanical aspects of a wire transfer renders her unqualified. The record shows that she has sufficient experience regarding the industry practice in transferring assets from one recordkeeper/custodian to another to offer her opinion on the matter of timing based on her experience. To the extent mechanical expertise on wire transfers would be germane to the topic, "[a] lack of specialization affects the weight of the expert's testimony, not its admissibility." *In re Silicone Gel Breast Implants Products Liability Litigation*, 318 F.Supp.2d 879, 889 (C.D. Cal. 2004) (*citing Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 782 (3d Cir. 1996)); *see also Hendrix v. Evenflo Company Inc.,* 255 F. R.D. 568, 578 (N.D. Fla. 2009) (Noting so long as expert is minimally qualified, gaps in qualifications go toward weight of expert's testimony.)

The Court also finds that the remainder of Defendant's objections to Ms. Tejeras's testimony, *e.g.*, lack of familiarity with the governing contract provisions, her conflict of interest, the lack of documentation substantiating a specific deadline for a transfer, that she disregards the fact that the transferring recordkeeper/custodian has no control over when the funds reach the recipient, also go toward its weight and not its admissibility under the circumstances of this case.

**ORDER - 5**

Finally, Defendant also argues that the industry custom or standard is not relevant because the express terms of the contract govern this issue. Currently pending for review is the Report and Recommendation on Defendant's motion for summary judgment which recommends denying Defendant's motion in part on the issue of (Dkt. 89). Should the Court adopt the Report and Recommendation, whether evidence of the industry custom or standard will come into evidence at trial will be an open question that decided in the context of the trial. Accordingly, the issue of relevance is premature.

In conclusion, Ms. Tejeras anticipated testimony appears to be potentially relevant to the issues at trial at this time, useful to assist the triers of fact in understanding the issues and she appears minimally qualified to render her opinions based on her experience.

## ORDER

For the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Exclude Martha Tejera As An Expert Witness for Plaintiffs (Dkt. 65) is DENIED.

DATED: **September 29, 2011**

Honorable Edward J. Lodge
U. S. District Judge

**ORDER - 6**